UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK D. ANDERSON,

    Plaintiff,

v.                                        Case No. 10-cv-13197

RAINA I. KORBAKIS, and         HONORABLE STEPHEN J. MURPHY, III
VICTORIA A. ROBERTS,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Before the Court is Plaintiff Mark D. Anderson's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Anderson is a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. For the reasons stated below, the Court summarily dismisses Anderson's complaint because it fails to state a claim upon which relief can be granted.

## DISCUSSION

Anderson has been permitted to proceed without prepayment of fees. 28 U.S.C. § 1915(e)(2)(B) provides that in cases where plaintiffs are permitted to so proceed, the complaint must be dismissed *sua sponte* if the complaint: 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief. *Sua sponte* dismissal is appropriate if the complaint is deficient when filed and court lacks discretion to permit amendment of a complaint to avoid a *sua sponte* dismissal under § 1915(e)(2)(B). *McGore v. Wrigglesworth*, 114 F. 3d 601, 612 (6th Cir. 1997).

I. Underlying Facts

In 2005, Anderson filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, in which he challenged his convictions in Wayne County Circuit Court for armed robbery, carjacking, felonious assault, and possession of a firearm in the commission of a felony. The case was assigned to Judge Victoria A. Roberts, one of the named defendants in this case. Defendant Raina I. Korbakis of the Michigan Attorney General's represented the respondent in the matter. Korbakis filed a response to the habeas petition on February 23, 2006. Judge Roberts denied Anderson's petition and declined to issue a certificate of appealability. *See Anderson v. Booker,* No. 05-CV-73199, 2008 WL 4387650 (E.D. Mich. Sept. 24, 2008). The Sixth Circuit denied Anderson a certificate of appealability and dismissed the appeal. *Anderson v. Booker*, No. 08-2308 (6th Cir. Mar. 12, 2009).

On July 23, 2010, Judge Roberts denied Anderson's Rule 60(b) motion to vacate or amend the judgment, denied his request for the appointment of a special master, and denied him a certificate of appealability. *See Anderson v. Booker,* No. 05-CV-73199, 2010 WL 2898789 (E.D. Mich. July 23, 2010). On August 26, 2010, Judge Roberts denied Anderson's motion for reconsideration. *See Anderson v. Booker,* No. 05-CV-73199 (E.D. Mich. Aug. 26, 2010).[1]

In the instant complaint, Anderson alleges that Defendant Korbakis, while representing the respondent in the habeas action, intentionally concealed Detroit Police Department investigative files and failed to provide certain Rule 5 materials that Anderson contends would have demonstrated that Sergeant Robert Kozlowski, the arresting officer in Anderson's state criminal case, committed perjury at Anderson's criminal trial with respect to when he learned of the teletype information concerning the carjacking and

---

[1] The Court obtained some of this information from the records of the United States District Court for the Eastern District of Michigan, of which the Court is permitted to take judicial notice. *See United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir. 1972).

2

armed robbery. Anderson had alleged in his habeas petition that Sergeant Kozlowski did not learn of the content of the teletype information until *after* stopping Anderson, therefore, negating any probable cause basis for the traffic stop of Anderson's vehicle. Anderson claims that Defendant Korbakis withheld this information in order to obstruct justice in his habeas proceeding. He further alleges that Judge Roberts deprived him of due process by failing to grant his Rule 60 motion to vacate and amend the judgment, after having been informed by Anderson that Defendant Korbakis had committed a fraud upon the court by failing to submit these materials to the Court as part of her answer to the habeas petition. Anderson further contends that because of the foregoing, Judge Roberts' impartiality has been called into question and she is thus not entitled to immunity from suit.

Anderson asks the Court to order the defendants to provide him with the Detroit Police Department investigative file in his case, as well as the official documents from his criminal case in state court. He also seeks an order requiring each defendant to pay his costs, expenses, and attorney fees. He sues under 42 U.S.C. § 1983.

II. Legal Standards

To establish a prima facie civil rights action under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Havard v. Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

Anderson has named federal district judge Victoria A. Roberts as a defendant. 42 U.S.C. § 1983 cannot support an action against federal officials, because such officials do not act under color of state law. *See Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D.

Mich. 2008). A plaintiff may, however, file suit in federal court for damages arising from a violation of his constitutional rights by persons acting under the color of federal law under the Supreme Court's case in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Because Anderson is alleging that his constitutional rights were violated by a person acting under color of federal law, the Court construes Anderson's § 1983 complaint against Judge Roberts as a *Bivens* action. The complaint against defendant Korbakis is properly one under § 1983.

III. Analysis

The complaint must be dismissed because both Judge Roberts and Ms. Korbakis are immune from suit. A complaint fails to state a claim for relief when it asserts claims against parties immune from suit. *Cf. Koubriti v. Convertino*, 593 F.3d 459, 472 (6th Cir. 2010) (reversing denial of motion to dismiss under Rule 12(b)(6) on grounds of prosecutorial immunity); *Temple v. Celebrezze*, 93 Fed. Appx. 802, 803 (6th Cir. 2004) (affirming grant of motion to dismiss under Rule 12(b)(6) on grounds that defendant judge was absolutely immune from suit).

A. Judge Roberts

Generally, judges are absolutely immune from civil rights suits for money damages. *Ireland v. Tunis*, 113 F. 3d 1435, 1440 (6th Cir.1997) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) and *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge takes action in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive relief. *See Kipen v. Lawson,* 57 Fed. Appx. 691, 691 (6th Cir. 2003) (citing *Bolin v. Story,* 225 F. 3d 1234, 1240-42 (11th Cir. 2000); *Newsome v. Merz,* 17 Fed. Appx. 343, 345 (6th

4

Cir. 2001). Courts use a functional approach to determine whether a government official's action fits within the category of actions traditionally entitled to absolute immunity. *Koubriti*, 593 F.3d at 467. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). An act "'does not become less judicial by virtue of an allegation of malice or corruption of motive.'" *Sparks v. Character and Fitness Comm. of Ky.*, 859 F.2d 428, 432 (6th Cir. 1988) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Applying this functional approach, Judge Roberts is absolutely immune from monetary damages and injunctive relief for any actions taken with respect to Anderson's habeas petition. Deciding disputes between parties is a quintessential judicial act. *See Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) ("Paradigmatic judicial acts are those that involve resolution of disputes between parties who have invoked the jurisdiction of a court. A judge will not be deprived of immunity because the action he took was in error." (citations and alterations omitted)); s*ee also Maus v. Curran,* 945 F. Supp. 1217, 1218 (E.D. Wis. 1996) (federal judge who denied habeas relief was not liable in § 1983 action where he was alleged to have conspired with others to deny inmate of civil rights). Furthermore, Anderson was dealing with Judge Roberts in her judicial capacity, as opposed to an administrative capacity, when she denied his Rule 60(b) motion. *See Stump*, 435 U.S. at 362 (capacity in which judge was acting is a factor in determining whether absolutely immune from suit). And he does not allege otherwise. Judge Roberts is immune from suit in this case.

    B. Ms. Korbakis

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts apply a functional approach in determining whether a prosecutor is entitled to absolute immunity. The Sixth Circuit has stated:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F. 3d at 947 (citations omitted). As with judicial immunity, the prosecutor's motive is irrelevant. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

Defendant Korbakis is likewise absolutely immune from suit for her act of opposing Anderson's petition for writ of habeas corpus. "Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003).

C. <u>Second or Successive Habeas Petition</u>

To the extent that Anderson is seeking once again to have his criminal conviction vacated or set aside, the appropriate federal remedy lies in a habeas petition. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate

6

release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

As mentioned above, Anderson has already challenged his convictions in a prior habeas petition, a petition Judge Roberts denied on the merits. Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). If in fact Anderson is seeking again to challenge his underlying sentence or conviction, he must first seek approval from the Sixth Circuit to do so.

## ORDER

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 18, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager