UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK D. ANDERSON, # 325850,

    Plaintiff,

v.

RAINA I. KORBAKIS, et. al.,

    Defendants,

_____/

Case no. 10-cv-13197

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER AND AMEND
JUDGMENT** (docket no. 10, 11, & 16) **AND MOTION TO DISQUALIFY** (docket no. 12)

On October 18, 2010, this Court screened and dismissed Plaintiff's *pro se* civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Order of Oct. 18, 2010, 7. On November 1, 2010, Plaintiff filed an "Objection to and Motion to Alter and Amend Judgment." The motion was docketed twice (docket nos. 10 & 11). Then on November 12, 2010, Plaintiff filed a motion to disqualify the undersigned (docket no. 12). While these motions were pending, Plaintiff filed a notice of appeal (docket no. 13). He then filed another "Objection to and Motion to Alter or Amend Judgment" (docket no. 16). For the reasons stated below, all of the motions will be denied.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *accord Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) ("The traditional rule is that a 'timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'" (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993))). Rule 4(a)(4)(A), however, provides an exception to this general rule when a party files a timely motion in the

district court pursuant to Rule 59 of the Federal Rules of Civil Procedure. In such a case, the notice of appeal "becomes effective" – and vests jurisdiction in the court of appeals – when the order disposing of the motion is entered. Fed. R. App. P. 4(a)(4)(B)(i).

Three of Plaintiff's four pending motions are titled "motion to alter or amend judgment", thereby suggesting they are Rule 59(e) motions. The motions, however, never mention Rule 59, and the only legal authority cited in the motions for support is *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990), which discussed *motions for reconsideration*, and never mentioned Rule 59. Nevertheless, well-settled Sixth Circuit precedent provides that timely motions seeking reconsideration of final orders or judgments are to be considered Rule 59(e) motions for purposes of appellate jurisdiction. *See, e.g.*, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (construing timely post-judgment motion seeking leave to file amended complaint as a Rule 59(e) motion, despite styling of the motion as one for leave to file amended complaint under Rule 15(a), and lack of any reference in the motion to Rule 59(e)); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (treating timely motion to reconsider as a Rule 59(e) motion); *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996) (construing timely "motion to vacate the summary judgment" as Rule 59(e) motion).

Accordingly, Plaintiff's timely[1] motions to alter or amend the judgment must be

---

[1] Motions under Rule 59(e) must be filed within 28 days of the entry of judgment. Judgment in this case was entered on October 18, 2010. *See also Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) ("[A] court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely."). The last of Plaintiff's motions to alter or amend the judgment was filed on November 12, 2010, well within 28 days of the entry of judgment. All three motions are therefore timely.

treated as Rule 59(e) motions, and the Court has jurisdiction to consider them.[2]

Plaintiff's three identical motions to alter or amend the judgment lack merit. Grounds for altering a judgment include a clear error of law in the decision, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). None of these grounds apply here. The only ground even arguably applicable is that the decision contained a clear error of law. But Plaintiff cannot demonstrate any error of law, let alone a clear one. He alleges five.

First, Plaintiff contends that the Court erroneously dismissed the claims against the defendants on immunity grounds, incorrectly believing Plaintiff to be seeking money damages. Plaintiff presumably believes that absolute immunity is inapplicable here because he is not seeking any money damages. But as the Court stated in its order, judges and prosecutors are absolutely immune from § 1983 liability, including actions seeking injunctive relief, when they act in a judicial or prosecutorial capacity, respectively.

Second, Plaintiff takes issue with the Court's decision to dismiss the suit *sua sponte*, rather than require the defendants to be served and file an answer. But because Plaintiff is a prisoner, the Court was required by law to screen the complaint before serving the defendants. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(a)-(b). The Court concluded that the complaint failed to state a claim against the defendant, so it did not err in dismissing the case before ordering service of process on the defendants.

In assigned errors three and four, Plaintiff contends that the Court failed to read the

---

[2] Plaintiff's motion to disqualify the undersigned in no way can be construed as a Rule 59(e) motion, so the general jurisdiction-divesting rule applies, and the Court lacks jurisdiction to consider it.

complaint liberally because Plaintiff is pro se, and should have permitted him to amend his complaint instead of summarily dismissing it. But because Plaintiff sought and was granted pauper status, the Court was not permitted to allow amendment before dismissing the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal."). Moreover, Plaintiff does not state in what way he could have amended his complaint in order to survive initial screening.

Fifth, Plaintiff contends that the Court erred in not referring the criminal allegations in the complaint to the U.S. Attorney for the investigation and possible prosecution of the defendants. But Plaintiff never made this request in his complaint, and even if he had, there is no right – common law, statutory, or constitutional – to the investigation or prosecution of another. *See Mitchell v. McNeil*, 487 F.3d 374, 378-79 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Because Plaintiff has shown no error in the Court's order, he has not shown the clear error required for the Court to alter or amend the judgment entered in accordance with the order. Accordingly, the Court denies the Plaintiff's motions to alter or amend the judgment. And as stated above, *see supra* note 2, the Court lacks jurisdiction to decide Plaintiff's motion to disqualify.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motions to alter or amend the judgment (docket nos. 10, 11, & 16) and motion to disqualify (docket no. 12) are **DENIED**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2010, by electronic and/or ordinary mail.

    s/Alissa Greer
    Case Manager